IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DORIS JACKSON and
GARY JACKSON                                           PLAINTIFFS


        v.              Case No. 08-5270


WAL-MART STORES, INC.                                   DEFENDANT

## O R D E R

    Currently before the Court is a motion to transfer filed by
Defendant Wal-Mart Stores, Inc. (Doc. 5). For its motion,
Defendant seeks transfer of the above-captioned case to the United
States District Court for the Eastern District of Tennessee.
Plaintiffs Doris and Gary Jackson do not oppose this motion.
(Docs. 9 & 10). For the reasons that follow, Defendant's motion is
**GRANTED**, and the United States District Clerk is directed to
transfer this action to the United States District Court for the
Eastern District of Tennessee.

## I.  Background

    Plaintiffs Doris and Gary Jackson are, and at all relevant
times have been, residents of Clinton, Tennessee. Defendant Wal-
Mart Stores, Inc. ("Wal-Mart") is, and at all relevant times has
been, a Delaware corporation with its principal place of business
in Bentonville, Arkansas. Wal-Mart owns and operates a store in
Oak Ridge, Tennessee.

    On December 23, 2008, Plaintiffs filed this diversity action
in the United States District Court for the Western District of

Arkansas.   In their complaint, they allege that on December 24, 2007, they were the victims of torts committed by Wal-Mart employees at the Wal-Mart store in Oak Ridge, Tennessee.   The Jacksons claim compensatory and punitive damages in excess of $75,000.

## II.  Analysis

28 U.S.C. § 1404(a) governs a district court's ability to transfer a case to another district.  It states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "In order to show that transfer is proper, the defendant must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the convenience of the parties and witnesses and promotes the interests of justice."  *Black & Decker Corp. v. Amirra, Inc.*, 909 F. Supp. 633, 635 (W.D. Ark. 1995).  Thus, in order to evaluate Defendant's motion, this Court must address (1) whether venue is proper in both the Western District of Arkansas and the Eastern District of Tennessee and (2) whether the convenience of the parties and the interest of justice dictate that transfer is proper.

### 1. Venue

Venue in a diversity case is generally governed by 28 U.S.C.

§ 1391(a).  It states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Under section 1391(a)(1), a defendant may be sued where he or she resides.  A corporate defendant resides in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c).  Addressing the Western District of Arkansas, Wal-Mart's principal place of business is located in Bentonville, Arkansas, and it conducts extensive operations in the area.  It is clearly subject to personal jurisdiction in this district. Addressing the Eastern District of Tennessee, Wal-Mart owns and operates a store in Oak Ridge, Tennessee.  In order for Wal-Mart to carry on such an operation, it necessarily has extensive contacts with the district.  These would include, for example, the buying and selling of goods, transportation of goods, employment of individuals, and utilization of local laws.  Thus, Wal-Mart is subject to personal jurisdiction, and therefore, it resides in both the Western District of Arkansas and the Eastern District of Tennessee.

Alternatively, under section 1391(a)(2), venue is proper where a "substantial part of the events or omissions giving rise to the claim occurred."  The December 24, 2007 incident that forms the basis of Plaintiffs' complaint took place at the Wal-Mart store in Oak Ridge, Tennessee.  Thus, the events or omissions that gave rise to this action occurred in the Eastern District of Tennessee, and venue is therefore proper in that district.

Based on the previous, venue is proper in either the Western District of Arkansas or the Eastern District of Tennessee.

**2. Convenience and Interest of Justice**

In order to determine whether transfer to the Eastern District of Tennessee is proper, the Court must consider the convenience of the parties and the interest of justice.  *Terra*, 119 F.3d at 696.  The Court views several facts as imperative to this analysis.  First, the incident in question took place at a Wal-Mart store in Oak Ridge, Tennessee.  As a result, most, if not all, of the fact witnesses and documentary evidence needed to pursue this claim are located in the Eastern District of Tennessee.  This implicates both this Court's subpoena power and ability to compel discovery.  It also indicates that the cost of trying this lawsuit in the Western District of Arkansas is likely much higher than it would be in the Eastern District of Tennessee.  Further, it is undisputed that the law of Tennessee applies to this case.  A Tennessee court will have greater familiarity with the law of Tennessee and its application

to the facts of this case.  Finally, Plaintiffs have no objection to transfer.  While Plaintiffs' choice of venue is normally afforded great weight in this analysis, Plaintiffs' consent to transfer mitigates against this concern.  Accordingly, the convenience of the parties and the interest of justice dictate that transfer to the Eastern District of Tennessee is proper in this case.

### III.  Conclusion

For the foregoing reasons, Defendant's motion to transfer is **GRANTED**, and this case is hereby transferred to the Eastern District of Tennessee.

IT IS SO ORDERED this 17th day of March, 2009.

*/s/ Robert T. Dawson*
Honorable Robert T. Dawson
United States District Judge